# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1422V
UNPUBLISHED

|  |  |
|---|---|
| JULIA GILLMAN, <br><br>                 Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>                 Respondent. | Chief Special Master Corcoran <br><br> Filed: March 15, 2022 <br><br> Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.*

*Christine Mary Becer, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On October 20, 2020, Julia Gillman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine that was administered to her on October 8, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 14, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On March 14, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $100,703.20 (representing $100,000.00 for pain and suffering, $223.20 for past unreimbursable expenses, and $480.00 for lost wages). Proffer at 2. In the Proffer, Respondent

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $100,703.20 (representing $100,000.00 for pain and suffering, $223.20 for past unreimbursable expense and $480.00 for lost wages) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| | ) | |
| JULIA GILLMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 20-1422V |
| v. | ) | Chief Special Master Corcoran |
| | ) | ECF |
| SECRETARY OF HEALTH AND | ) | |
| HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## PROFFER ON AWARD OF COMPENSATION[1]

### I.      Procedural History

On October 20, 2020, Julia Gillman ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act. *See* 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"). Petitioner alleges that she suffered from a left shoulder injury as a result of receiving the influenza ("flu") vaccine on October 8, 2018. Petition at 1. On February 11, 2022, respondent filed his Vaccine Rule 4(c) report, concluding that petitioner suffered from SIRVA as defined by the Vaccine Injury Table, within the Table timeframe. *See* ECF No. 32. On February 14, 2022, Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner was entitled to compensation for a SIRVA Table injury. *See* ECF No. 33.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

## II.     **Items of Compensation**

### A.     Pain and Suffering

Respondent proffers that petitioner should be awarded $100,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

### B.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses of $223.20.  *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

### C.     Lost Wages

Evidence supplied by petitioner documents that she incurred past lost wages related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past lost wages in the amount of $480.00.  *See* 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## III.     **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]: a lump sum payment of $100,703.20, in the form of a check payable to petitioner.

_____

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the

2

**IV.** **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Julia Gillman:                    **$100,703.20**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

  s/Christine Mary Becer
CHRISTINE MARY BECER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 616-3665
Christine.m.becer@usdoj.gov

Date:     March 14, 2022

---

Court for appropriate relief.  In particular, respondent would oppose any award for future pain and suffering.